UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GENELLEN JONES,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

        Defendant.

No. CASE NO. C08-5753RBL

REPORT AND RECOMMENDATION

Noted for August 21, 2009

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance and supplemental security income benefits. This matter has been briefed, oral argument was heard on July 28, 2009, and after reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

REPORT AND RECOMMENDATION - 1

## INTRODUCTION AND PROCEDURAL HISTORY

Born in February 1975, Plaintiff was 27 years old in October 2002, her alleged disability date, and 33 years old on February 27, 2008, the date the ALJ issued his decision (Tr. 25, 64, 475). She completed a two-year college Associates Degree in December 2004 (Tr. 23, 515-16). Plaintiff has worked as bartender, waitress, ceramic tile installer, dishwasher, hardware installer, retail clerk, and a scaffold carpenter (Tr. 80).

Plaintiff filed applications for SSI disability benefits on May 27, 2005 and for disability insurance benefits on June 1, 2005, alleging an onset date of October 31, 2002 (Tr. 17, 64-68, 475-78). Plaintiff states she is disabled due to degenerative disc disease, fibromyalgia, a mood disorder, severe depression, bipolar disorder, severe fatigue, severe anxiety, and migraines (Tr. 67, 475).

On October 9, 2007, an administrative hearing was held (Tr. 17, 509-37). Testimony was taken from Plaintiff and Paul Prachyl, Ph.D., a vocational expert. On February 27, 2008, the administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on February 27, 2008 (Tr. 17-25). Specifically, the ALJ reviewed the record, considered the testimony and determined Plaintiff had the residual functional capacity (RFC) to perform the full range of light work, finding Plaintiff retained the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for 6 hours out of an 8-hour work day; and frequently climb ramps and stairs and occasionally balance, stoop, kneel, crouch, and crawl (Tr. 22-23). The ALJ further concluded Plaintiff was able to perform her past relevant work as a waitress, bartender, and retail clerk (Tr. 24).

Plaintiff requested review of the ALJ's decision by the Administration's Appeals Council, but it denied the request (Tr. 5-7), making the ALJ's decision the final Agency decision. 20 C.F.R. §§ 404.981, 416.1481, 422.210.

Plaintiff now seeks judicial review of the administrative decision. Plaintiff is seeking remand of the matter to the administration for further consideration, raising the following five issues:

(1) whether the ALJ erred when he failed to address whether Ms. Jones' migraine headaches were a severe impairment;

(2) whether the ALJ erred when he failed to address whether Ms. Jones' carpal tunnel syndrome was severe;

(3) whether the ALJ gave clear and convincing reasons for rejecting Ms. Jones' testimony;

(4) whether the ALJ properly considered the testimony of Ms. Jones' brother; and

(5) whether the ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Brown.

Defendant asserts that the denial of Plaintiff's application for benefits is properly supported by substantial evidence and free of any legal error. Defendant asks the court to affirm the administrative decision.

After reviewing the matter, the undersigned recommends that the district court find that the ALJ erred as alleged by Plaintiff. The Court should remand the matter to the administration for further consideration.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

REPORT AND RECOMMENDATION - 3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## **DISCUSSION**

### A. *The ALJ Failed To Evaluate Plaintiff's Migraine Headaches As A "Severe" Impairment*

Step two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). The

REPORT AND RECOMMENDATION - 4

step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform her past work. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). A finding that a claimant is severe at step-two only raises a prima facie case of a disability. Id. *See also* Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir.1999).

An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(*adopting* SSR 85-28).

Plaintiff has presented medical evidence supporting her claim that her ability to work has been negatively affected because of migraine headaches. Ms. Jones reported problems with migraines to several doctors, including Dr. Moore (Tr. 159, 161), her mental health providers (Tr. 321, 337), Ms. Pitko, a physician's assistant, (Tr. 324), and Dr. Lewis (Tr. 362). In October 2004, she reported migraines once every couple of months (Tr. 326). In July 2006, she reported they occurred every two to three weeks (Tr. 409). In August of 2006, she told Dr. Lewis that her migraines had increased in frequency, occurring up to twice a week (Tr. 362). The record also

REPORT AND RECOMMENDATION - 5

reflects that Plaintiff reported to urgent care on three separate occasions due to migraines (Tr. 173, 155, & 409). Since September of 2004, Ms. Jones has been prescribed Midrin for her migraine headaches (Tr. 173, 155, 159, 324, 364). At the hearing in October 2007, Ms. Jones testified she was having migraine headaches once a week, lasting about 12 hours or more (Tr. 527).

A review of the ALJ's decision does not reveal any discussion or mention of Plaintiff's migraine headaches. Defendant argues that the ALJ does not need to discuss all of the evidence presented, citing Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the evidence supporting Plaintiff's allegations of limitations due to migraine headaches is significantly probative, which requires the administration to address the issue. Id. Defendant also attempts to explain the weight of the evidence, but the court cannot engage in a re-weighing of the evidence and make its own findings. The court is constrained to review the reasons the ALJ asserts. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Since the ALJ failed to address the evidence regarding migraine headaches, the weight of the other evidence is not relevant.

Moreover, the court cannot affirm the decision of an agency on a ground that the agency did not invoke when making its decision. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir.2001) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)). Consequently, if the Commissioner requests that the court dismiss an error as harmless, then the Commissioner invites the court to affirm the denial of benefits on a ground not invoked by the Commissioner when denying the benefits originally; the court must decline this invitation. Id. at 847-48. Because the ALJ did not address the evidence regarding migraine headaches, which supports Plaintiff's claim of disability, the matter must be remanded for further consideration.

### B. Plaintiff Has Failed To Demonstrate, So Far, That Her Carpel Tunnel Syndrome Was "Severe"

Plaintiff also argues that the ALJ failed to address evidence indicating that she is limited in her ability to work due to carpel tunnel syndrome. In July 2007, Dr. Polyakov diagnosed Plaintiff with bilateral carpal tunnel syndrome and found that she should avoid activities which exacerbate the paresthesia and should take breaks between repetitive tasks (Tr. 448-49). However, Plaintiff has not shown that this impairment has affected her for more than twelve months, and thus, the evidence is not as probative as the evidence presented concerning her migraine headaches. Therefore, the ALJ may not have needed to address the evidence regarding Plaintiff's carpel tunnel syndrome, but nonetheless, on remand this evidence should be reviewed and considered, along with more recent medical records, if any, to support this alleged impairment.

### C. The ALJ's Findings Regarding The Credibility Of Plaintiff's Testimony And The Lay Witnesses' Statements Should Be Reconsidered On Remand

Credibility determinations are particularly within the province of the ALJ. Andrews, 53 F.3d at 1043. Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific and adequate reasons for doing so. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir.2006). The determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by

REPORT AND RECOMMENDATION - 7

objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (*en banc*). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, 80 F.3d at 1284; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). When evaluating a claimant's credibility, however, the ALJ "must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints." Greger, 464 F.3d at 972 (internal quotation omitted). General findings are insufficient. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284. The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony or inconsistencies between her testimony and her conduct, daily activities, work record, and the testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Smolen, 80 F.3d at 1284.

"In determining whether a claimant is disabled, an ALJ must [also] consider lay witness testimony concerning a claimant's ability to work." Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Bruce v. Astrue, 557 F.3d 1113, 1115(9th Cir. 2009); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996) (*citing* Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir.1993)).

Here, the ALJ did not fully accept the testimony of Plaintiff, nor the testimony of the lay witness, Jacob Jones, who is Plaintiff's brother. The ALJ wrote:

REPORT AND RECOMMENDATION - 8

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.

In terms of the claimant's alleged limitations, the objective medical findings have not been supportive. For instance, Physician's Assistant Stewart reported in December 2003 that the claimant complained about a burning dysesthetic pain in her leg, hip and posterior thigh, as well as pain in her left posterior shoulder (Ex. 2F-50). At the time of this examination, the claimant was unable to stand on her heels or toes and she was unable to squat or rise.

However, PA Steward did not find any ". . . objective evidence to substantiate her subjective disease" (Ex. 2F-50). He engaged in a conversation with the claimant as to whether these problems were " . . . in her head or whether it is a perception or whether she has other issues such as fear, anxiety, worry, lack of knowledge about certain anatomic features" (Ex. 2F-50).

Furthermore, Dr. Moore reported in March 2004 that the claimant was able to do ordinary physical activity, as well as physical education at the college that she was then attending, other than running and bending at the waist (Ex. 2F-44). John Hillyer, M.D., and Anna Dupen, PA-C., found in October 2004 that the claimant was able to ambulate into the examination room without an assistive device and was also able to sit comfortably during the interview (Ex. 12F-4).

The fact of her ability to attend school during the time in which she alleged disability undercuts her allegation of disability. She attended college for two years, with her schedule being three classes that were an hour in length. According to her testimony, she scheduled her classes with a one to two hour break in between them due to her medical problems. Nevertheless, she was able to maintain this schedule; she was able to take care of her child and her home; and she was able to earn her degree. Her accomplishment shows a level of physical and mental abilities that suggest an ability to engage in work activity.

As for the opinion evidence, the Administrative Law Judge considered the lay witness questionnaire completed by Jacob Jones, the claimant's brother (Ex. 10E). He described her as being unable to walk, drive, stand or move without showing moderate to severe pain. He reported that she almost never completed any task due to ". . . either pain or scatterbrainedness" (Ex. 10E-4).

However, his statements are discounted as the claimant has clearly established her ability to complete a task when she wants to do so, as evidenced by her two year quest to receive her associate of arts degree.

Tr. 23-24.

Plaintiff argues the ALJ's analysis of her credibility and the credibility of her brother is flawed. Plaintiff first argues the ALJ's reliance on objective medical evidence, and citing only the record of a physician's assistant one-time report was insufficient. Plaintiff further argues the ALJ's reliance on Dr. Moore is disingenuous, i.e., the ALJ's interpretation of Dr. Moore's statements was unreasonable and taken out of context. Lastly, Plaintiff argues the ALJ's reliance on her ability to attend college was misplaced because her instructors accommodated her medical impairments, allowing her to miss classes when necessary, and she was also able to study and read while lying down in bed.

After considering the arguments, the undersigned is not persuaded to find that the ALJ's credibility analysis is incorrect. As noted above, credibility findings are particularly within the province of the ALJ. However, it is recommended that the administration reconsider the testimony of the Plaintiff and the lay witness statements on remand, particularly in light of the arguments made by Plaintiff and the finding that the ALJ erred when he failed to consider Plaintiff's migraine headaches as a severe impairment.

### D. *The ALJ Improperly Evaluated The Opinion Of Dr. Brown.*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are

material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id. *See also* Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984); Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Dr. Brown is a treating physician. In March 2005, Dr. Brown diagnosed a bipolar I disorder, most recent episode mixed, with rapid cycling; a mood disorder due to chronic pain; an anxiety disorder due to chronic pain and alcohol and cocaine abuse in full sustained remission

REPORT AND RECOMMENDATION - 11

(Tr. 224). The ALJ addressed Dr. Brown's opinion and discounted the medical opinion because Dr. Brown's opinion was based on "check marks", "unaccompanied by objective medical findings", and "solely on the claimant's allegations." Tr. 21.

Plaintiff asks the court to find that the ALJ's reasons for rejecting Dr. Brown's evaluation and opinions are not specific and legitimate. In light of this court's determination that the matter be remanded for further evaluation regarding Plaintiff's migraine headaches, the ALJ should also reconsider its findings regarding Dr. Brown's opinions.

The evaluation form utilized by Dr. Brown is a "check box" form, but Dr. Brown not only used the appropriate box to indicate a particular level of impairment, but also included several narrative statements and objective observations. For instance, Dr. Brown noted a marked limitation due to social withdrawal, commenting that the limitation was due to Plaintiff's "short fuse" and "physical problems" (Tr. 224). Dr. Brown made several similar comments and notes on the form with regard to the other assigned limitations. In addition to the comments and notes, and in direct contrast to the ALJ's finding that Dr. Brown's evaluation is not supported by objective evidence, Dr. Brown's opinion is supported by objective medical findings, including Dr. Brown's records of mental status examination, and the Beck Depression and Anxiety Inventories (Tr. 228-33). This court sees no reason to reject a treating physician's opinion simply because of the form used to express that opinion.

On the other hand, the ALJ chose to accept the opinion of Janis Lewis, Ph.D., as expressed in her psychiatric review technique form (PRTF) in August of 2005. (Tr. 21, 261-74). It is within the ALJ's discretion to weigh the evidence and choose to accept one opinion over the other; however, in light of the ruling regarding reevaluation the Plaintiff's migraines, on remand the ALJ should consider what impact, if any, this condition may have on its other conclusions.

# CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 21, 2009, as noted in the caption.

DATED at this 30th day of July, 2009.

J. Richard Creatura
United States Magistrate Judge